No. 24-1317, 24-1318, 24-1385
# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

---

**ASSOCIATION TO PRESERVE AND PROTECT LOCAL LIVELIHOODS; B.H. PIERS, L.L.C.; GOLDEN ANCHOR, L.C. d/b/a Harborside Hotel; B.H.W.W. L.L.C.; DELRAY EXPLORER HULL 495 LLC; DELRAY EXPLORER HULL 493 LLC; ACADIA EXPLORER 492, LLC; PENOBSCOT BAY AND RIVER PILOTS ASSOCIATION,**

Plaintiffs-Appellants/Cross Appellees,

v.

**CHARLES SIDMAN,**

Defendant-Appellee/Cross-Appellant,

**TOWN OF BAR HARBOR**, a Municipal Corporation of the State of Maine,

Defendant-Appellee

---

On Appeal from a Judgment of the
United States District Court for the District of Maine

---

## MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE

John C. La Liberte (No. 115846)
PIONEER LEGAL, LLC
185 Devonshire St.
Boston, Mass. 02110
(617) 410-5200
john.laliberte@pioneerlegal.com

Theodore J. Folkman (No. 81828)
RUBIN AND RUDMAN, LLP
53 State Street
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com

Pursuant to Fed. R. App. P. 29(a), Pioneer Public Interest Law Center ("PLC" or "Pioneer Law Center") respectfully moves for leave to file the accompanying brief as an amicus curae in support of the Plaintiffs/Appellants and urging reversal of the district court's findings.

PLC is a non-profit, non-partisan, legal research and litigation entity organized under the laws of the Commonwealth of Massachusetts that defends and promotes accountable government, economic opportunity, and educational opportunities across the country. Through legal action and public education, PLC works to preserve and enhance constitutional and civil liberties.

The district court's decision will have a serious negative economic effect across New England and other communities with a cruise industry. The decision wrongly suggests that municipalities can infringe the constitutionally protected right to travel and regulate the movement of people at the expense of interstate commerce and the important values of national unity and individual freedom that the right to travel protects. Those who make their livings from the tourist industry will bear most of the costs, but so will all those in cities and towns such as Boston that profit from the cruise industry. Thus PLC has a strong interest in seeing the decision reversed.

PLC's knowledge of the economy and constitutional rights will contribute to the Court's understanding of the impact of restricting interstate

1

travel. PLC is well situated to explain why the district court's flawed decision is so damaging to the cruise industry and hence to municipalities generally.

Respectfully submitted,

*/s/ Theodore J. Folkman*

Theodore J. Folkman (No. 81828)
RUBIN AND RUDMAN, LLP
53 State Street
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com

John C. La Liberte (No. 115846)
PIONEER LEGAL, LLC
185 Devonshire St.
Boston, Mass. 02110
(617) 410-5200
john.laliberte@pioneerlegal.com

*Counsel for Amicus Curiae*

Dated: August 6, 2024

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because it contains 521 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Supra.

                                      */s/ Theodore J. Folkman*

                                      Theodore J. Folkman
                                      *Counsel to the Amicus Curiae*

Dated:       August 6, 2024