Case Nos. 24-1317, 24-1318, 24-1385
United States Court of Appeals for the First Circuit

---

**ASSOCIATION TO PRESERVE AND PROTECT LOCAL LIVELIHOODS; B.H. PIERS, L.L.C.; GOLDEN ANCHOR, L.C., d/b/a Harborside Hotel; B.H.W.W., L.L.C.; DELRAY EXPLORER HULL 495 LLC; DELRAY EXPLORER HULL 493 LLC; ACADIA EXPLORER 492, LLC; PENOBSCOT BAY AND RIVER PILOTS ASSOCIATION**,

*Plaintiffs - Appellants/Cross-Appellees*

v.

**CHARLES SIDMAN**,

*Defendant - Appellee/Cross-Appellant,*

**TOWN OF BAR HARBOR**,
a Municipal Corporation of the State of Maine,

*Defendant-Appellee.*

---

On appeal from the United States District Court
for the District of Maine
Civil Action No. 1:22-cv-416-LEW

---

**TOWN OF BAR HARBOR'S RESPONSE TO
PIONEER PUBLIC INTEREST LAW CENTER'S MOTION FOR
LEAVE TO FILE BRIEF AS AMICUS CURIAE**

Appellee Town of Bar Harbor (the "Town"), through its attorneys, Rudman Winchell, hereby opposes the Motion for Leave to File Brief as Amicus Curiae (the "Motion") filed by Pioneer Public Interest Law Center ("Pioneer") in support of Appellants Association to Preserve and Protect Local Livelihoods, B.H. Piers, L.L.C., Golden Anchor, L.C., d/b/a Harborside Hotel; B.H.W.W., L.L.C., Delray Explorer Hull 495 LLC; Delray Explorer Hull 493 LLC, and Acadia Explorer 492, LLC (collectively, "Plaintiffs"), and Penobscot Bay and River Pilots Association (the "Pilots," and together with Plaintiffs, "Appellants"). In support of its opposition, the Town states as follows.

## ARGUMENT

Rule 29(a) of the Federal Rules of Appellate Procedure provides that, absent consent of all parties, "amicus curiae may file a brief only be leave of court." F.R. App. P. 29(a)(2). A motion for leave to file an amicus brief must include the proposed brief and must state (1) "the movant's interest," (2) "the reason why an amicus brief is desirable," and (3) "why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).

## I. Pioneer Advances a Right to Travel Argument that Has Been Waived.

Pioneer fails to address any of the actual legal claims at issue in this appeal—specifically, whether the Ordinance is preempted by federal or Maine law, whether the Ordinance runs afoul of the dormant Commerce Clause, or whether the Ordinance violates Plaintiffs' due process rights.[1] Rather, Pioneer's argument deals solely with the right to travel—a claim not effectively preserved in the district court or properly before this Court on appeal.

Plaintiffs did not plead any violation of the right to travel in their 128-paragraph complaint (App. 26-58), and indeed affirmatively swore off any claim based on the right to travel and acknowledged that they did not have standing to assert such a claim, writing in their Motion for Preliminary Injunction that they "do not, themselves, plead the rights of the traveling public."[2] (Mot. for Prelim. Inj., ECF 12 at 24 n.12.) Where Plaintiffs first raised the right to travel in their post-trial brief, and even then did so only in perfunctory fashion, the district court properly

---

[1] The Pilots do not assert a due process claim.

[2] The Pilots did not raise the right to travel in the district court, and do not attempt to raise it on appeal.

3

concluded that Plaintiffs waived any such argument. (Order, Pls.' Add. 37 n.23.) *See, e.g.*, *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") Arguments waived in the district court cannot be revived on appeal. *See, e.g.*, *De Mercadeo v. Emanuelli-Hernández*, 72 F.4th 361, 365 (1st Cir. 2023) ("Arguments raised in the District Court in a perfunctory and underdeveloped . . . manner are waived on appeal." (quoting *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 22 (1st Cir. 1991))); *United States v. Slade*, 980 F.2d 27, 30 ("It is a bedrock rule that when a party has not presented an argument to the district court, she may not unveil it in the court of appeals.").

Because Pioneer's proposed brief exclusively addresses an issue not properly before this Court, it is neither "desirable" nor "relevant to the disposition of the case" for purposes of to F.R. App. P. 29(a)(3).[3]

---

[3] Even if the right to travel were at issue, Pioneer is simply wrong that strict scrutiny applies. (Prop. Br. at 10-11.) That standard applies only to restrictions on *migration*—that is, travel "with intent to settle and abide." *Cole v. Housing Auth.*, 435 F.2d 807, 811 (1st Cir. 1970)); *see also Brown v. Dep't of Inland Fisheries & Wildlife*, 577 A.2d 1184, 1185 (Me. 1990) (citing *Cole* for proposition that only travel with intent to settle and abide is protected as fundamental right). The cases cited by Pioneer

## II. Pioneer Relies on Matters Outside the Record.

Pioneer repeatedly references matters outside of the record, including factual assertions regarding the financial impact of the cruise industry outside of Bar Harbor that were not presented in the district court. (Prop. Br. at 3-5.) This Court's review is necessarily limited to the record developed at trial. *See, e.g., Cunningham v. Lyft, Inc.*, 17 F.4th 244, 251 (1st Cir. 2021) (noting appellate review is limited to the record presented in the district court); *United States v. Muriel-Cruz*, 412 F.3d 9, 12 (1st Cir. 2005) ("Absent extraordinary circumstances . . . we consult only the record extant at the time the district court rendered its decision."). A proposed brief based on matters outside the record is not helpful to the resolution of this appeal, and is neither desirable nor relevant for purposes of F.R. App. P. 29(a)(3).

---

notably deal with such migration. *See, e.g., Saenz v. Roe*, 526 U.S. 489, 504 (1999) ("Neither mere rationality nor some intermediate standard of review should be used to judge the constitutionality of a state rule that discriminates against some of its citizens because they have been domiciled in the State for less than a year."); *Attorney Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 904 (1986) (requiring compelling justification where a "distinction drawn by the State between older and newer residents burdens the right to migrate"). Pioneer's failure to identify even the basic legal framework applicable to its argument renders Pioneer's brief entirely unhelpful.

## CONCLUSION

For all of the foregoing reasons, the Town respectfully requests that this Court deny Pioneer's Motion.

Dated at Bangor, Maine, this 16th day of August, 2024.

/s/ *Jonathan P. Hunter, Esq.*
Jonathan P. Hunter, Bar No. 1210939
jhunter@rudmanwinchell.com

/s/ *Stephen W. Wagner, Esq.*
Stephen W. Wagner, Bar No. 1212086
swagner@rudmanwinchell.com

Attorneys for Town of Bar Harbor
RUDMAN WINCHELL
84 Harlow Street
P.O. Box 1401
Bangor, ME 04402
207.947.4501

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with Fed. R. App. P. 27(d), in that it is presented in Century Schoolbook 14-point font, and contains 1,180 words.

Dated: August 16, 2024  /s/ *Jonathan P. Hunter, Esq.*
Jonathan P. Hunter, Bar No. 1210939

# CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit using the CM/ECF system, which will electronically serve and provide notice to all counsel of record in this case.

Dated: August 16, 2024 　　　*/s/ Jonathan P. Hunter, Esq.*
　　　　　　　　　　　　　　　Jonathan P. Hunter, Bar No. 1210939